# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-120V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| K.G., | * | |
| | * | Filed:  September 13, 2018 |
| Petitioner, | * | |
| | * | Special Master Corcoran |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | Order; Motion for Redaction; |
| HUMAN SERVICES, | * | Entitlement Decision; Influenza |
| | * | ("flu") Vaccine; Guillain-Barré |
| Respondent. | * | Syndrome ("GBS"); Chronic |
| | * | Inflammatory Demyelinating |
| | * | Polyneuropathy ("CIDP"). |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Zachary James Hermsen*, Whitefield & Eddy Law, Des Moines, IA, for Petitioner.

*Voris Edward Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER GRANTING MOTION TO REDACT[1]

On January 24, 2018, K.G. filed an action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The petition alleges that an influenza ("flu") vaccine K.G. received on October 12, 2011, caused her to experience Guillain-Barré syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). *See* Petition ("Pet.") (ECF No. 1) at 9-10.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758 (codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012)) ("Vaccine Act" or "the Act"). E-Government Act of 2002, 44 U.S.C. § 3501 (2012). For purposes of brevity, all subsequent references to sections of the Act herein shall omit the 42 U.S.C. §§ 300aa prefix.

I recently issued a decision dismissing Petitioner's case as untimely. *See* Decision, filed Aug. 17, 2018 (ECF No. 42) (the "Dismissal Decision"). Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact portions of the Dismissal Decision, including her name (and names of family members) along with other personal information that links the identity of Petitioner to private medical information. *See* Motion for Redaction, dated Aug. 24, 2018 ("Mot.") (ECF No. 43). For the reasons stated below, I hereby grant Petitioner's motion.

### Procedural Background

Petitioner filed the present motion on August 24, 2018, requesting that her name be redacted from the Dismissal Decision, along with the names of other family members and any personal identifying information contained therein. Mot. at 1. Petitioner argues that absent redaction, disclosure of certain information contained in the published decision "would constitute a clearly unwarranted invasion of privacy" because of her desire not to "publically advertise her and her family's mental health struggles." *Id*. Petitioner's motion was supported with factual examples of how disclosure would invade Petitioner's privacy. For example, Petitioner cites specifically to references relating to her mental incapacitation, alcohol and prescription medication use, and other family issues as supporting her request. *Id.* at 1-2. Petitioner asks that the court redact the current version of the Dismissal Decision (including the case caption), and to identify Petitioner with the initials "K.G." to remedy her concerns. *Id.* at 2.

On August 31, 2018, Respondent filed a brief reacting to Petitioner's motion. *See* ECF No. 44 ("Resp."). Respondent took no position as to whether redaction was appropriate or not, deferring resolution of the matter to my discretion. Resp. at 4-5. Respondent otherwise discussed the standards to be applied in weighing redaction requests based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 456-57 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013); Resp. at 2-4. Petitioner did not file a reply. The matter is now ripe for resolution.

### Analysis

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.,* No. 12-312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b). The Act provides for redaction from published decisions of certain categories of information – "medical files and similar files" – but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also

be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*, 100 Fed. Cl. at 460-61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7-8 (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As Respondent's brief notes, and as I have previously observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.,* 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context); *S.B. v. Sec'y of Health & Human Servs.*, No. 14-918V, slip op. (Fed. Cl. Spec. Mstr. Feb. 9, 2016).

Here, I find that it is appropriate to grant the redactions proposed by Petitioner.[3] As noted above, Petitioner requested only that personal identifying information (related to herself and her family members) be redacted from the Dismissal Decision to protect private information relating to her medical history and mental state during the time of her injury. Petitioner did not request redaction of other information, such as her medical condition or the vaccine claimed to have caused her injury, pertaining to the substance of the Dismissal Decision.[4] Based on the above, I conclude that Petitioner has made an adequate showing for her redaction request. *See J.H. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 206, 206 n.1 (2015) (categorizing petitioner's "family history of mental illness" as grounds for redaction). Accordingly, I will grant Petitioner's motion to redact her name and personal information from the Dismissal Decision, and will identify her only as "Petitioner." I will similarly redact the case caption and refer to Petitioner as K.G.[5]

---

[3] Petitioner's proposed redacted decision is attached to her motion as Exhibit 1 (ECF No. 43-1).

[4] In any event, such information would not be appropriate for redaction under the Vaccine Act given the public's interest in disclosure of possible vaccine-related injuries. *See W.C.*, 100 Fed. Cl. at 461.

[5] Although Petitioner's motion requests redaction pursuant to the names of family members, I find that identifying her as K.G. throughout the Dismissal Decision remedies this concern. No family member names are mentioned in the

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name and personal information in the Dismissal Decision in this case, and I therefore **GRANT** the motion to that extent. **The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

decision. Rather, the Dismissal Decision references family members only in the context of "sister" or "husband." *See* Dismissal Decision at 13 ("K.G.'s sister"). Petitioner's proposed redacted decision similarly recognizes that identifying Petitioner as K.G. throughout the decision rectifies any concern with regard to the identity of family members. *See generally* Ex. 1.