# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-120V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
K.G.,                               *        Chief Special Master Corcoran
                                    *
                                    *        Filed: May 21, 2020
           Petitioner,              *
                                    *        Attorney's Fees and Costs;
      v.                            *        Interim Fees; Travel; Non-Admitted
                                    *        Attorney; Non-Attorney Work;
SECRETARY OF HEALTH AND             *        Medical Research.
HUMAN SERVICES,                     *
                                    *
           Respondent.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Zachary Hermsen*, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.

*Voris Johnson*, U.S. Dep't of Justice, Washington, D.C., for Respondent.


### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 24, 2018, K.G. filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that she experienced Guillain-Barré syndrome ("GBS") and/or Chronic Idiopathic Demyelinating Polyneuropathy

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

("CIDP")[3] as a result of an influenza vaccine that she received on October 12, 2011. *See* Petition, filed Jan. 24, 2018 (ECF No. 1). Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $117,089.25 (representing $112,828.70 in attorney's fees, plus $4,260.55 in costs). *See generally* Motion for Interim Attorney's Fees and Costs, filed Apr. 17, 2020 (ECF No. 58) ("Interim Fees App."); Ex. 1 to Interim Fees App., filed Apr. 17, 2020 (ECF No. 58-1) ("Ex. 1"); Ex. 2 to Interim Fees App., filed Apr. 17, 2020 (ECF No. 58-2) ("Ex. 2").

Respondent reacted to the fees motion on April 20, 2020, deferring to my discretion as to whether Petitioner had met the legal standards for an interim fees and costs award. Response, filed Apr. 20, 2020 (ECF No. 59) at 3. Respondent otherwise represents that the statutory and other legal requirements for an award of attorney's fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable sum. *Id.*

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's motion, awarding interim fees and costs in the total amount of **$114,176.90**.

## PROCEDURAL HISTORY

This action has been pending for just over two years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Zachary Hermsen Esq., began working on the matter in December 2017. *See* Ex. 1 at 1. The petition was filed on January 24, 2018—nearly seven years after the vaccination in question. Pet. at 2. Acknowledging that the statute of limitations period for a vaccine injury claim is three years, Petitioner has alleged that she had experienced nearly four years of mental and physical incapacity, and the limitations period should therefore be subject to equitable tolling. *Id.* at 9.

I held a status conference on March 20, 2018, during which I raised questions regarding the Petition's timeliness. Order, dated Mar. 20, 2018 (ECF No. 9) at 1. Later, and after inviting briefing on the limitations question, on August 17, 2018, I issued a decision dismissing the case as untimely. Decision, dated Aug.17, 2018 (ECF No. 42). A motion for review of the Decision was filed on September 14, 2018, but was denied on February 1, 2019. Motion for Review, filed Sept. 14, 2018 (ECF No. 46) ("Mot. for Rev."); Order Denying Mot. for Rev., filed Feb. 1, 2019 (ECF No. 51). Petitioner then filed a notice of appeal to the Court of Appeals for the Federal Circuit on March 25, 2019. Notice, filed Mar. 25, 2019 (ECF No. 54). On March 6, 2020, my decision dismissing the case as untimely was vacated, and the matter was remanded to me for further consideration based on the Federal Circuit's explication of the analytic standards to be applied for tolling due to mental incapacity. Decision, filed Mar. 6, 2020 (ECF No. 55).

Petitioner subsequently filed the present interim request for an award of attorney's fees and costs on April 17, 2020. *See generally* Interim Fees App. It is the only fees request submitted to

---

[3] The initial filings in this case alleged that K.G. experienced GBS following her October 2011 vaccination, but subsequent filings indicate that her diagnosis was changed to CIDP. *See* Interim Fees App. at 1. Petitioner has since represented that she will attempt to prove CIDP as the injury in this case.

date in this case, and reflects work performed on the matter from just prior to its filing through the various appellate stages that were necessitated by litigating the limitations question.

Petitioner specifically requests that Zachary Hermsen be compensated at a rate of $175 per hour for work performed in 2017, $195 per hour for work performed in 2018, $225 per hour for work performed in 2019, and $260 per hour for work performed in 2020. Interim Fees App. at 6–7. She also requests that attorney Thomas Reavely receive $394 per hour for work performed in 2017, $400 per hour for work performed in 2018, $425 per hour for work performed in 2019, and $450 per hour for work performed in 2020. *Id.* Additionally, Petitioner requests compensation for work completed by attorney Bryn Hedlund at a rate of $169 per hour for work performed in 2019 and $175 per hour for work performed in 2020. *Id.* For the work of several law clerks, Petitioner requests compensation at a rate of $128 per hour for all work performed between 2017-2020. *Id.* She also requests that the work of paralegals be compensated at a rate of $141 per hour for work performed in 2019. *Id.* Petitioner states that the requested hourly rates have previously been found to be reasonable. *Id.* Finally, Petitioner requests $4,260.55 in attorney's costs (for obtaining medical records, shipping, and travel costs). Ex. 1 at 43–45; Ex. 2.

## ANALYSIS

### I.    Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before an award of fees or costs may be made. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Interim requests for costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an interim award of fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been

pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets these criteria: it has been pending for over two years, and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. In addition, Petitioner raised a reasonable point on appeal and was successful in so doing (but in the process incurred substantial fees). An interim award in a case like this, that is not yet close to resolution and raises reasonably-disputed questions of fact and law, is warranted.

## II.    Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of the award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Dep't of Health & Human Servs.*, 86 Fed. Cl. 201, 205–06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because other special masters have previously found the attorneys in question should receive forum rates.

In assessing the number of hours eligible for reimbursement, the courts must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is ethically obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. Likewise, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 433–44 (emphasis in original); *see also Sabella v. Sec'y of Health & Human Servs.*, No. 02-1627V, 2008 WL 4426040, at *28 (Fed. Spec. Mstr. Sept. 23, 2008) *aff'd in part & rev'd in part* (on other grounds), *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201 (2009). Should a special master find the hours expended are unreasonable, the special master may reduce a fees request *sua sponte*, regardless of whether respondent filed an objection to a particular request. *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *7 (Fed. Cl. Spec. Mstr. June 15, 2011), *mot. for rev. denied*, 106 Fed. Cl. 600 (withdrawn), *aff'd*, 406 Fed App'x 479 (Fed. Cir. 2011). In making such a reduction, the special master is not required to afford the petitioner the opportunity to explain the unreasonable request because such justification should have been provided in the initial request. *Sabella*, 86 Fed. Cl. at 208–09.

Petitioner asks that the attorneys of Whitfield & Eddy, P.L.C. who worked on this matter be reimbursed at varying rates for work performed from 2017-2020, as detailed above. The attorneys employed by this firm (located in Des Moines, Iowa) have previously represented Program petitioners, and have repeatedly been found to be "in-forum" and therefore entitled to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4] *See, e.g.*, *McDowell v. Sec'y of Health & Human Servs.*, No. 17-1156V, 2019 WL 2296779 (Fed. Cl. Spec. Mstr. Mar. 28, 2019) (finding the attorneys at Whitfield & Eddy, P.L.C. are entitled to "in-forum" rates). They are therefore entitled to the forum rates established by the Office of Special Masters for the majority of the work performed in this matter. Some adjustments to the requested rates for certain individuals, however, are required.

A.  *Hourly Rates for Mr. Hermsen*

The rates requested for Mr. Hermsen's work in 2017 and 2018 have previously been deemed appropriate. *McDowell*, 2019 WL 2296779 at *2 (awarding Mr. Hermsen attorney's fees at a rate of $175 per hour for work completed in 2017, and $195 per hour for work completed in 2018,); *see also Curtis v. Sec'y of Health & Human Servs.*, No. 17-607V, 2020 WL 603567, at *2 (Fed. Cl. Spec. Mstr. Jan. 14, 2020) (embracing the rates for Mr. Hermsen set forth in *McDowell*). In both *McDowell* and *Curtis*, however, Mr. Hermsen's approved rate for work completed in 2019

---

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last visited May 20, 2020) ("OSM Hourly Rate Chart").

was $215 per hour—not the $225 Petitioner seeks herein. *McDowell*, 2019 WL 2296779 at *2; *Curtis*, 2020 WL 603567, at *2. Though Mr. Hermsen expended a substantial amount of time on this matter in 2019 (88.1 hours), his experience as a lawyer generally, modified by his specific Vaccine Program experience,[5] does not sufficiently justify a rate increase not awarded to him for work in contemporaneous Vaccine cases. Thus, applying the previously approved rate of $215 per hour results in a reduction of $881 for attorney work performed by Mr. Hermsen in 2019.

The requested rate of $260 per hour for Mr. Hermsen's 2020 work does fall within the OSM range for attorneys of his overall level of experience (four to seven years), but does constitute a fairly abrupt upward increase from 2019. I will permit his 2020 rate to be raised, but only to $255 per hour. This results in an additional reduction of $262.75.

   B.   *Hourly Rates for Mr. Reavely*

Mr. Reavely has approximately forty-eight years of legal experience and is a managing partner of Whitfield & Eddy, P.L.C. Interim Fees App. at 5; Thomas Reavely Resume, filed as Ex. 3 on Apr. 17, 2020 (ECF No. 58-3) ("Ex. 3") at 1. The rates requested for work performed by Mr. Reavely between 2017 and 2018 have previously been approved in *McDowell* and *Curtis*, and I find that they are again appropriate in this matter. *McDowell*, 2019 WL 2296779 at *2; *Curtis*, 2020 WL 603567, at *2. The increased rates requested on behalf of Mr. Reavely for work performed in 2019 and 2020 are also consistent with the fees schedule established by *McCulloch*, and I therefore find they are appropriate for compensation in this matter.

   C.   *Hourly Rates for Ms. Hedlund*

Ms. Hedlund, who previously worked as a law clerk at Whitfield & Eddy, recently became an associate attorney at the firm. She has less than two years of experience, and is not admitted to practice in the United States Court of Federal Claims ("USCFC"). Whitfield & Eddy Law, https://www.whitfieldlaw.com/attorneys-bryn-e-hedlund (last visited May 12, 2020).

In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC, and thus a non-admitted attorney cannot recover attorney's fees. *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see also* Vaccine Rule 14(a)(1). In instances where a non-admitted attorney's involvement in a Program case extends beyond the filing of the petition, I have found it appropriate to award fees, but only at a rate consistent with that of a non-attorney, supportive role akin to a paralegal.[6] *See Pearson v. Sec'y of Health & Human Servs.*, No. 17-489V, 2019 WL

---

[5] By 2019, Mr. Hermsen had been practicing for approximately four years. Interim Fees App. at 5. In that time, Mr. Hermsen had been involved in only seven Vaccine Program cases. *Id.*

[6] This approach has similarly been applied by the District Court of the District of Columbia under its own fees matrix, in instances where attorneys not admitted to the D.C. Bar litigated claims brought under the Individuals with

7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Mackey v. Sec'y of Health & Human Servs.*, No. 16-1289V, 2018 WL 3596801, at *5–6 (Fed. Cl. Spec. Mstr. May 10, 2018) (declining to compensate a non-admitted attorney at an attorney rate, but instead awarding fees for non-attorney-level work for work performed in a supportive role); *Razka v. Sec'y of Health & Human Servs.*, No. 14-1224V, 2017 WL 3165479, at *3 (Fed. Cl. Spec. Mstr. June 30, 2017) (citation omitted) (distinguishing rates of compensation available to admitted and non-admitted attorneys practicing in the Vaccine Program)).

Ms. Hedlund cannot be compensated at the attorney rates requested. Rather, the work performed by a non-admitted attorney such as Ms. Hedlund, in support of primary appearing counsel, may only be compensated at a rate compatible solely with the supportive, indirect function she served. Thus, work performed by Ms. Hedlund in 2019 and 2020 (a total of 13.3 hours) shall be compensated at a rate of $156 per hour for work performed in 2019 and $163 per hour for work performed in 2020—rates appropriate under OSM's schedules[7] for "experienced" paralegal work—resulting in a total reduction of $161.20.

The rates requested for other paralegal and law clerk time billed to this matter are appropriate and shall not be modified.

D. *Other Rate Adjustments*

In addition to the aforementioned rate adjustments for *attorney* work performed in this matter, additional reductions are necessary to account for administrative, *non-attorney* tasks that were performed by the attorneys rather than administrative staff. Tasks that have previously been deemed administrative in nature include ordering medical records, scheduling status conferences, as well as preparing and filing exhibits. *See generally Abbott v. Sec'y of Health & Human Servs.*, No. 10-485V, 2017 WL 2226614 (Fed. Cl. Spec. Mstr. Apr. 26, 2017), *mot. for rev. denied*, 2017 WL 5494614, 135 Fed. Cl. 107 (2017) (finding that certain tasks, such as scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents, to be clerical in nature, and therefore, not compensable at an attorney rate). When an attorney bills for paralegal-level work at an attorney rate, the special master may reduce the requested rate to that of a paralegal. *See, e.g.*, *McKown v. Sec'y of Health & Human Servs.*, No. 15-1451V, 2019 WL 7604714, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2019) (finding that an attorney should have been compensated at a paralegal rate for time spent obtaining medical records, scheduling status conferences, and reviewing expense reports).

In the early stages of this litigation, Mr. Hermsen spent just over six hours performing tasks that can only be categorized as administrative in nature—namely, obtaining medical records and

---

Disabilities Education Act. *See, e.g.*, *Yodie v. D.C. Public Schools et al.*, 823 F. Supp. 2d 1, 11–12 (D.D.C. 2011); *Irving v. D.C. Public Schools et al.*, 815 F. Supp. 2d 119, 132–33 (D.D.C. 2011).

[7] OSM Hourly Rate Chart, http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last visited May 20, 2020).

scheduling meetings. *See generally* Ex. 1 at 2–5, 10–12, 14–16, 20. While such tasks may have been necessary to develop and resolve this matter, they are nonetheless clerical in nature and may only be reimbursed at the applicable paralegal rate of $153 per hour—resulting in a reduction of $260.40[8] from the amount requested for Mr. Hermsen.

Still further reduction is necessary to account for time spent performing medical research—a task routinely deemed in the Vaccine Program to be "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. General research conducted for the purpose of familiarizing oneself with medical terminology and case law is not a recoverable attorney task under the Vaccine Act. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *26 (Fed. Cl. Spec. Mstr. July 25, 2011) (finding that "the primary medical research is performed appropriately by the experts, not counsel"); *Hammitt v. Sec'y of Health & Human Servs.*, No. 07-170V, 2011 WL 1827221, at *5 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (noting that "[a]though an attorney must review and understand medical literature to prosecute a case, most attorneys are not qualified to conduct the research on medical issues"). While attorneys are encouraged to take some efforts to understand the contours of a claim, this kind of generalized background work is not compensable. *See Curran v. Sec'y of Health & Human Servs.*, No. 15-804, 2017 WL 1718791, at *4 (Fed. Cl. Spec. Mstr. Marc. 24, 2017) ("[i]n any Vaccine Program claim, counsel are expected to perform some due diligence before filing, which may require an expenditure of time reviewing materials connected to the claim before it is filed. *That time is not reimbursed via the Program, but is instead properly viewed as borne by the attorney as business cost*." (emphasis added)). Mr. Hermsen spent just over six hours conducting medical research in 2018. Ex. 1 at 9, 11. Therefore, a reduction of $1,189.50[9] is appropriate.

Lastly, a reduction for fees incurred during periods of travel is necessary. Special masters consistently compensate travel time (absent evidence that the attorney was simultaneously performing other work in the matter) at one-half the attorney's hourly rate. *Cruz v. Sec'y of Health & Human Servs.*, No. 14-1119V, 2020 WL 1816094, at *4 (Fed. Cl. Spec. Mstr. Mar. 20, 2020) (citing *Gilbert v. Sec'y of Health & Human Servs.*, No. 17-35V, 2019 WL 2744855 (Fed. Cl. Spec. Mstr. Mar. 29, 2020). Most of the billing entries relating to travel accounted for this standard reduction. *See* Ex. 1 at 1, 39. Two entries dated December 20, 2017, however, detail travel to and from client meetings for which Mr. Hermsen billed at his full rate of $175 per hour. *Id.* at 2.

---

[8] This reduction was calculated by first multiplying the full requested rate ($195 per hour) by the number of hours expended on administrative tasks (6.2 hours), the resulting product totaling $1,209. Next, the applicable paralegal rate ($153 per hour) was multiplied by hours expended (6.2), the resulting product totaling $948.60. The paralegal rate calculation ($948.60) was then subtracted from the requested rate calculation ($1,209) resulting in a difference of $260.40.

[9] This reduction was calculated by multiplying the total number of hours spent conducting medical research (6.1) by Mr. Hermsen's 2018 rate ($195 per hour).

Because no other work has been claimed to have been performed during these periods of travel, the requested rate must be reduced by half, resulting in a deduction of $157.50.[10]

I do not find that any other attorney time billed to this matter was inappropriately spent, and therefore will award it. In light of all the aforementioned reductions—an amount totaling $2,912.35—I find that the attorneys and staff of Whitfield & Eddy are entitled to an interim award of attorney's fees in the amount of $109,916.35.

## III.    Requested Costs

Just as they are required to establish the reasonableness of fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests reimbursement of $4,260.55 worth of miscellaneous litigation costs, such as medical record requests, postage, legal research, expert evaluation, and travel to and from the January 2020 oral argument before the Federal Circuit. Ex. 1 at 43–45; Ex. 2. Such costs are commonly incurred in the Vaccine Program, and they are reasonable under the circumstances presented by this case. Thus, I award the requested costs—a total of $4,260.55—in full.

## IV.    Admonition on Additional Interim Fees and Costs Requests

It is my practice **not** to award fees and costs on an interim basis more than a single time in a case. The only exception I make to this approach is a willingness to award *costs* associated with any entitlement hearing activities (i.e. travel expenses to appear at a hearing, expert costs, etc.), but in such cases I usually if not always defer any additional fee awards until the end of the case. Accordingly, counsel should not expect to receive a second interim award of attorney's fees in this matter, and the resolution of any further interim fees requests will be deferred until the matter is fully resolved (including additional time devoted to further appeals).

---

[10] This reduction was calculated by dividing the requested rate of $175 by one-half, resulting in an applicable rate of $87.50. This was then multiplied by the total amount of time spent traveling (1.8 hours).

**CONCLUSION**

In the exercise of the discretion afforded to me in determining the propriety of interim fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees and Costs. I specifically award a total of **$114,176.90** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Zachary Hermsen, Esq., representing attorney's fees in the amount of $109,916.35, plus $4,260.55 in costs.

|              | Requested      | Awarded        | Difference    |
|--------------|----------------|----------------|---------------|
| Mr. Hermsen  | $85,635.50     | $82,884.35     | $2,751.15     |
| Mr. Reavely  | $17,718.50     | $17,718.50     | $0            |
| Ms. Hedlund  | $2,317.90      | $2,156.70      | $161.20       |
| Law Clerks   | $2,419.20      | $2,419.20      | $0            |
| Paralegal    | $4,737.60      | $4,737.60      | $0            |
| Costs        | $4,260.55      | $4,260.55      | $0            |
| **Total**    | **$117,089.25**| **$114,176.90**| **$2,912.35** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[11]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.