# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-120V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| K.G., * | | |
| * | | |
| Petitioner, * | | Filed: March 10, 2023 |
| * | | |
| v. * | | |
| * | | |
| SECRETARY OF HEALTH AND * | | |
| HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * | | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Zachary James Hermsen*, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.

*Voris Edward Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On January 24, 2018, K.G. filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of her October 12, 2011, receipt of the influenza vaccine. (She later contended she had experienced a chronic GBS variant due to vaccination).

The claim was litigated for several years. Initially, there was a question on the timeliness of the claim, but after determinations by the Federal Circuit, the case was remanded back to me for consideration. *See K. G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1382 (Fed. Cir.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2020). The parties consulted with experts on issues of entitlement, and I scheduled a hearing for November 2022. However, before the hearing was to take place, the parties agreed in a stipulation that the issues before them could be settled, and I issued a decision awarding Petitioner compensation. *See* Decision, dated December 21, 2022. ECF No. 120.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated March 7, 2023 (ECF No. 125). (K.G. was previously awarded fees on an interim basis in the spring of 2020. *K.G. v. Sec'y of Health & Hum. Servs.*, No. 18-120V, 2020 WL 3495990 (Fed. Cl. Spec. Mstr. May 21, 2020) (the "Interim Fees Award")). Petitioner requests a total of $109,248.48 in attorney's fees and costs ($63,297.79 in fees, plus $45,950.69 in costs) for the work of multiple attorneys, including Mr. Zach Hermsen, Mr. Tom Reavely, and Ms. Bryn Hazelwonder from April 2020 to the present date. ECF No. 125 at 45–66.

Respondent reacted to the fees request on March 8, 2023. *See* Response, March 8, 2023 (ECF No. 126). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–4.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$109,248.48.**

## ANALYSIS

### I. Attorney's Fees

Because Petitioner's claim was successful, the Act entitles her to an award of attorney's fees. Section 15(e). Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| **Zach Hermsen (Attorney)** | $255.00 | $295.00 | $330.00 | $350.00 |
| **Tom Reavely (Attorney)** | $450.00 | $460.00 | $475.00 | $500.00 |
| **Bryn Hazelwinder (Attorney)** | $175.00 | $195.00 | $220.00 | $250.00 |

ECF No. 125 at 45–66.

Attorneys at the Whitfield & Eddy Law Firm are recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. Interim Fees Award at *4. The requested rates for the attorneys are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule.[3] *See Logan v. Sec'y of Health & Hum. Servs.*, No. 20-0699V, 2022 WL 2230568, at *1 (Fed. Cl. Spec. Mstr. May 11, 2022). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable and will therefore award it without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $45,950.69 in outstanding costs, including medical record retrieval costs, deposition costs, and costs associated with the work of two experts: Lawrence Steinman, M.D., and Carlo Tornatore, M.D. ECF No. 125 at 81–84. Dr. Steinman authored two expert reports (ECF Nos. 78-1, 88-1), and has submitted an invoice for a total of $33,350.00 (at an hourly rate of $550.00 for 61 hours of work). Dr. Tornatore authored one expert report (ECF No. 92). He submitted an invoice for a total of $9,600.00 (at an hourly rate of $400.00 for 24 hours of work). The total amount for the experts' services was wholly reasonable for the work performed, and I do not find any reason to make any reductions to Drs. Steinman and Tornatore's requested costs. All other requested costs in this matter appear reasonable, and they shall also be awarded without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs,

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 8, 2023).

and award a total of **$109,248.48,** reflecting ($63,297.79 in attorney's fees, and $45,950.69 in costs in the form of a check made jointly payable to Petitioner and her attorney, Mr. Zachary Hermsen.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

       **IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.